JDW

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR MEJIA and FRANCISCO RAMIREZ, on behalf of themselves and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION |
| v. | : <br> : NO. _____ |
| KVK-TECH, INC., 110 TERRY DR. LP, ANTHONY TABASSO, and MURTY VEPURI, | : <br> : CLASS/COLLECTIVE ACTION <br> : |
| Defendant. | : |

19   4841

FILED

OCT 17 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## COMPLAINT – CLASS/COLLECTIVE ACTION

Oscar Mejia and Francisco Ramirez (collectively "Plaintiffs") bring this lawsuit against

KVK-Tech, Inc., 110 Terry Drive LP, Anthony Tabasso, and Murty Vepuri (collectively

"Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§

333.101, *et seq.* Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. §

216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil

Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class

claims may proceed together in the same lawsuit).

This lawsuit alleges that laborers who performed mechanical, electrical, plumbing, and

other construction work (the "Laborers") on Defendants' behalf regularly worked forty-five to

sixty-five hours per workweek but were paid a day-rate which did not compensate them for

hours worked over forty each week at a rate of 1.5 times their regular hourly rate.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

**Plaintiffs**

4. Oscar Mejia ("Mejia") is an individual residing in Middlesex County, New Jersey.

5. Francisco Ramirez ("Ramirez") is an individual residing in Middlesex County, New Jersey.

**Defendant KVK-Tech, Inc.**

6. KVK-Tech, Inc. is a corporation whose registered address with the Pennsylvania Secretary of State is 110 Terry Drive, Suite 200, Newtown, Pennsylvania 18940 (Bucks County).

7. KVK-Tech, Inc. manufactures generic drugs from a manufacturing complex located in Newtown, PA and is comprised of at least four buildings ("the Newtown Complex").

8. The four buildings in the Newtown Complex are located at: (1) 110 Terry Drive, Newtown, Pennsylvania, 18940; (2) 38 Cabot Boulevard East, Langhorne, Pennsylvania 19047; (3) 114 Pheasant Run, Newtown, Pennsylvania 18940; and (4) 100 Campus Drive, Newtown, Pennsylvania 18940.

9. Within the three years prior to the filing of this Complaint, KVK-Tech, Inc. had an annual gross volume of sales in excess of $500,000.

2

10.     KVK-Tech, Inc. employs individuals who are engaged in the production of goods for commerce and/or who handle, sell, or work on goods or materials that have been produced in or produced for commerce.

**Defendant 110 Terry Drive LP**

11.     Defendant 110 Terry Drive LP is a corporation whose registered address with the Pennsylvania Secretary of State is 110 Terry Drive, Suite 200, Newtown, Pennsylvania 18940.

12.     Upon information and belief, within the three years prior to the filing of this Complaint, 110 Terry Drive LP had an annual gross volume of sales in excess of $500,000.

13.     Defendant 110 Terry Drive LP employs individuals who are engaged in the production of goods for commerce and/or who handle, sell, or work on goods or materials that have been produced in or produced for commerce.

14.     110 Terry Drive LP is an entity which, in part, is used as a pass-through to pay the Laborers employed at KVK-Tech, Inc. who perform work at the Newtown Complex.

15.     Defendants KVK-Tech, Inc. and 110 Terry Drive LP, share control, business purposes, ownership, employees, and locations, and are joint employers.

**Defendant Anthony Tabasso**

16.     Defendant Anthony Tabasso ("Tabasso") is the President and Chief Executive Officer of KVK-Tech, Inc.

17.     Throughout Plaintiffs' employment for Defendants, Tabasso oversaw the work performed by Laborers for KVK-Tech, Inc. and was regularly present at the Newtown Complex.

18.     Throughout Plaintiffs' employment, Tabasso exercised authority regarding the pay practices at KVK-Tech Inc. and 110 Terry Drive LP.

19.     For example, Tabasso signed the checks issued by 110 Terry Drive LP that were

used to pay Plaintiffs and the Laborers for their work at the Newtown Complex.

20.     Tabasso shares his authority to manage the laborers at KVK-Tech, Inc. with Nandu Karri, Director of Facility and Engineering at KVK-Tech, Inc.  Karri is primarily responsible for managing the Laborers and determines the Laborer's work assignments, schedules, and rate of pay.

21.     Tabasso exercises sufficient control over the operations of KVK-Tech, Inc., 110 Terry Drive LP, and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and PMWA.

**Defendant Murty Vepuri**

22.     Defendant Murty Vepuri ("Vepuri") is the owner of KVK-Tech, Inc.

23.     Throughout Plaintiffs' employment for Defendants, Vepuri oversaw the operations of KVK-Tech, Inc. and 110 Terry Drive LP and was regularly present at the Newtown Complex directing the work of Plaintiffs and the Laborers.

24.     In addition, Vepuri directs Plaintiffs and the other Laborers to clean his home, which is a few blocks away from the Newtown Complex, while they are signed in to work at the Newtown Complex.

25.     Throughout Plaintiffs' employment, Vepuri hired and fired Laborers and exercised authority regarding the pay practices at KVK-Tech, Inc. and 110 Terry Drive LP.

26.     Vepuri exercises sufficient control over the operations of KVK-Tech, Inc., 110 Terry Drive LP, and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and PMWA.

## FACTS

27.     Plaintiffs have been employed by Defendants as laborers at the Newtown
Complex during the three-year period covered by this lawsuit. Specifically: Mejia has been
employed from approximately winter 2013 through the present and Ramirez has been employed
from approximately November 2010 through the present.

28.     Plaintiffs perform general maintenance work and other manual labor throughout
the Newtown Complex. Their work tasks include welding pipes, setting up sprinkler systems,
constructing walls, windows, and doors, installing insulation, and other mechanical, electrical,
plumbing, and construction work. As such, the work performed by Plaintiffs is integral to
Defendant's business operations at the Newtown Complex.

29.     Defendants pay Plaintiffs a fixed sum of money for all work performed each day
without regard to the number of hours worked. This pay method is commonly referred to as a
"day-rate." *See, e.g.*, 29 C.F.R. § 778.112.

30.     From approximately January 2016 until January 2017, Mejia was paid at a day-
rate of $120.00 per eight-hour workday and $180.00 per twelve-hour workday.

31.     From approximately January 2017 through the present, Mejia has been paid at a
day-rate of $125.00 per eight-hour workday and $187.50 per twelve-hour workday.

32.     From approximately January 2015 through the present, Ramirez has been paid at
a day-rate of $130.00 per eight-hour workday and $195.00 per twelve-hour workday.

33.     Plaintiffs estimate that during the three-year period covered by this lawsuit, at
least 50 individuals have worked at the Newtown Complex on a day-rate basis.

34.     Plaintiffs and the other Laborers paid on a day-rate basis regularly work over 40

hours per week.

35.     For example, prior to approximately summer 2016, Mejia worked a regular six-day schedule: Monday through Thursday from 7:00 a.m. until 7:30 p.m., Friday from 7:00 a.m. until 4:00 p.m., and Saturday from 7:00 a.m. until 3:00 p.m., with a half-hour lunch break each day, for an approximate total of sixty-four hours per workweek.

36.     From approximately summer 2016 until approximately May 2019, Mejia worked a regular six-day schedule: Monday through Thursday from 8:00 a.m. until 7:30 p.m., Friday from 8:00 a.m. until 4:00 p.m., and Saturday from 8:00 a.m. until 3:00 p.m., with a half-hour lunch break each day, for an approximate total of fifty-eight hours per workweek.

37.     Since approximately May 2019, Mejia has worked a regular six-day schedule: Monday through Saturday from 8:00 a.m. until 4:00 p.m., with a half-hour lunch break each day, for an approximate total of forty-five hours per workweek.

38.     Prior to approximately July 2019, Ramirez worked a regular six-day schedule: Monday through Thursday from 7:00 a.m. until 7:30 p.m., and Friday and Saturday from 7:00 a.m. until 4:00 p.m., with a half hour lunch break each day, for an approximate total of sixty-five hours per workweek.

39.     Since approximately July 2019, Ramirez has worked a regular six-day schedule: Monday through Thursday from 8:00 a.m. until 7:30 p.m., and Friday and Saturday from 8:00 a.m. until 4:00 p.m., with a half-hour lunch break each day, for an approximate total of fifty-nine hours per workweek.

40.     Defendants did not pay Plaintiffs and the other Laborers who were paid on a day-rate basis any overtime premium compensation for hours worked over 40 per week.

41.     Throughout Plaintiffs' employment, Defendants kept track of the Laborer's hours

by having them sign in and out on a designated sign-in sheet.

42.     Throughout Plaintiffs' employment at the Newtown Complex, two Laborers are assigned to receive large checks (ranging from approximately $5,000 to $10,000) from 110 Terry Drive LP. Karri instructs those employees to cash the checks and gives them a list of Laborers with the specific amount of cash each employee should receive. Those employees, in turn, distribute payment to Plaintiffs and the other Laborers in cash.

## CLASS ACTION ALLEGATIONS

43.     The claims in this Complaint arising out of the PMWA are brought by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on behalf of themselves and of a class consisting of all laborers who have worked at the Newtown Complex and been paid on a day-rate basis during any week within the past three years (the "Rule 23 Class").

44.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

45.     The size of the Rule 23 Class is at least fifty current and/or former employees, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

46.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole. All the Rule 23 Class members

were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay the Rule 23 Class overtime wages due.  Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

47.     Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a.  whether Defendants employed Plaintiffs and the Rule 23 Class within the meaning of PMWA;

   b.  whether Defendants paid Plaintiffs and the Rule 23 Class appropriate overtime pay for all weekly overtime hours worked;

   c.  the nature and extent of class-wide injury and the measure of damages for those injuries.

48.     Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.

49.     Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants as laborers within the three years prior to the filing of this action.

50.     Plaintiffs and the members of the Rule 23 Class enjoy the same statutory rights under the PMWA to be paid overtime compensation.

51.     Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the PMWA.

52.     Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

53.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

54.     Plaintiffs have retained counsel competent and experienced in wage-and-hour litigation and class action litigation.

55.     There is no conflict between any Plaintiff and the Rule 23 Class members.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57.     The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.

58.     Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

59.     Individual employees lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

60.     In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

61.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

62.     The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons who are current and/or former laborers of

Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

63.     The FLSA Collective consists of at least fifty laborers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

64.     The FLSA Collective consists of persons who, during their employment with Defendants, worked as mechanics, welders, assistants, and other types of laborers (*i.e.*, the Laborers) who have worked at the Newtown Complex and been paid on a day-rate basis during any week within the past three years.

65.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

66.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

67.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

68.     Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

69.     Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## COUNT I
### (Alleging FLSA Violations)

70.     All previous paragraphs are incorporated as though fully set forth herein.

71.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).  Employees paid on a day-rate basis are entitled to such overtime premium compensation. *See, e.g.,* 29 C.F.R. § 778.112.

72.     Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA Collective overtime premium compensation for all hours worked over 40 per week.

73.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

74.     All previous paragraphs are incorporated as though fully set forth herein.

75.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).  Employees paid on a day-rate basis are entitled to such overtime premium compensation. *See, e.g.,* 34 Pa. Code § 231.43(b).

76.     Defendants violated the PMWA by failing to pay Plaintiffs and the Rule 23 Class overtime premium compensation for all hours worked over 40 per week.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the Rule 23 Class and FLSA Collective, seek the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.    Liquidated damages to the fullest extent permitted under the FLSA;

C.    Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date:  October 15, 2019

Respectfully,


Louis Pechman (*pro hac vice* admission anticipated)
Catalina Cadavid (*pro hac vice* admission anticipated)
Pechman Law Group PLLC
488 Madison Avenue, Suite 1704
New York, NY  10022
(212) 583-9500


Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Counsel for Plaintiffs and the*
*Putative Rule 23 Class and FLSA Collective*

**Consent To Be A Party Plaintiff**

I consent to be a party plaintiff in a lawsuit against KVK Tech in order to seek redress for violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

By signing and returning this consent form, I designate Pechman Law Group PLLC and Winebrake & Santillo, LLC to represent me and make decisions on my behalf concerning the litigation and any settlement.

Doy mi consentimiento para ser un demandante en contra KVK Tech para obtener reparación por las violaciones de la Ley de Normas Justas de Trabajo.

Al firmar y devolver este formulario de consentimiento, nombro a Pechman Law Group PLLC y Winebrake & Santillo, LLC para que me representen y tomen decisiones en mi nombre en relación con el litigio y cualquier acuerdo.

Date/Fecha: _9/ 12/_____, 2019

Signature/Firma: _____

Name/Nombre: _Oscar Mejia - Chaves_

## Consent To Be A Party Plaintiff

I consent to be a party plaintiff in a lawsuit against KVK Tech in order to seek redress for violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

By signing and returning this consent form, I designate Pechman Law Group PLLC and Winebrake & Santillo, LLC to represent me and make decisions on my behalf concerning the litigation and any settlement.

Doy mi consentimiento para ser un demandante en contra KVK Tech para obtener reparación por las violaciones de la Ley de Normas Justas de Trabajo.

Al firmar y devolver este formulario de consentimiento, nombro a Pechman Law Group PLLC y Winebrake & Santillo, LLC para que me representen y tomen decisiones en mi nombre en relación con el litigio y cualquier acuerdo.

Date/Fecha: _9-12-19_____, 2019

Signature/Firma: _____

Name/Nombre: _FRANCISCO RAMIREZ_